**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**FILED**

**July 11, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | |
|---|---|
| **JIMMY LEE HEARD,** | ) |
| Appellant, | ) **C.C.A. NO. 01C01-9704-CR-00120** |
| | ) |
| | ) **DAVIDSON COUNTY** |
| VS. | ) **(No. 87-S-1094 Below)** |
| | ) |
| **STATE OF TENNESSEE,** | ) **The Hon. J. Randall Wyatt, Jr.** |
| | ) |
| Appellant. | ) **(Denial of Habeas Corpus Petition)** |

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The appellant opposes the motion. Finding that the trial court properly held that the appellant failed to state a cognizable claim for habeas corpus relief, we grant the state's motion to affirm the judgment pursuant to Rule 20.

It appears that in 1987, the appellant pled guilty to two counts of armed robbery and was sentenced as a Range I, standard offender, to concurrent 30-year sentences. At this time, the appellant's probation on another sentence was revoked, and the appellant was sentenced to serve 3 years on that conviction, which was to run consecutively to his 30-year sentence. In 1991, the appellant escaped from the Department of Correction. Thereafter, in 1992, the appellant pled guilty to two new charges, robbery and escape, and received a 6 year sentence for robbery and a 1 year sentence for escape, both to run consecutively to the appellant's existing sentences. The appellant was to be eligible for parole on the newest convictions after serving 35% of his sentence. According to the appellant, his release eligibility date was subsequently moved from July 20, 1995, to May 11, 2023.

On appeal, the appellant contends that he has a right to release eligibility and that the removal of his release eligibility date constitutes cruel and unusual punishment.

It is a well-established principle of law that the remedy of habeas corpus is limited in its nature and its scope. Archer v. State, 851 S.W.2d 157, 161-162 (Tenn.1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App.1994). In Tennessee, habeas corpus relief is available only if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered,' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn.1993) (citation omitted in original). The appellant has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella, 891 S.W.2d at 627. If he successfully carries his burden, the appellant is entitled to immediate release. Id.

In denying relief, the trial court held:

> Based on the pleadings before the Court, the only plausible basis for petitioner's claim here is the expiration of his sentence. However, based on the facts before the Court, it appears that the petitioner's sentence will not expire until sometime around 2027 or beyond. Therefore, even if the TDOC has erred by eliminating petitioner's Release Eligibility Date, petitioner cannot seek relief on that basis. Having failed to state a cognizable claim for relief, the petition, pursuant to T.C.A. § 29-21-109, should, in the Court's discretion, be denied.

The trial court also pointed out "that the appropriate vehicle for petitioner to raise any concerns regarding his Release Eligibility Date is through the Administrative Procedures Act." This Court agrees. Accordingly, based on our review of the pleadings and of the record, we conclude that the state's motion for affirmance of the judgment under Rule 20 should be granted.

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

ENTER, this the _____ day of June, 1997.

_____
JOHN H. PEAY, JUDGE


CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
THOMAS T. WOODALL, JUDGE